**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5042**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HORACE LINTON BROWN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, District Judge. (8:06-cr-00140-PJM)

---

Submitted:  December 14, 2007        Decided:  January 10, 2008

---

Before MOTZ, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Susan L. Ferguson, Burbank, California, for Appellant.  Rod J. Rosenstein, United States Attorney, Stacy Dawson Belf, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Horace L. Brown appeals his conviction and sentence for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000). Brown pleaded guilty to the single offense with which he was charged and was sentenced to forty-eight months' incarceration. On appeal, Brown contends the district court abused its discretion in denying his motion to withdraw his guilty plea, violated his due process rights by prohibiting a witness from testifying in support of his motion to withdraw, and further erred by imposing a sentence enhancement for obstruction of justice. Finding no error, we affirm.

This court reviews the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Under United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), a district court considers six factors in regard to such a motion: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there was a delay between the entry of the plea and the

filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. Id. This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

At the Fed. R. Crim. P. 11 hearing, Brown agreed with the Government's recitation of the facts in his case, stated that he was entering his plea voluntarily, and asserted that he was guilty of the crime charged. Brown's sworn statements at the Rule 11 hearing are presumed to be true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). When a defendant subsequently claims to have lied during the Rule 11 colloquy, "he bears a heavy burden in seeking to nullify the process." United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003). Brown has not identified any infirmity in the Rule 11 hearing, as the record demonstrates that the district court adequately informed him of his rights and the charges he faced, inquired as to the voluntariness of his plea, and determined that there was a sufficient factual basis for the plea.

Brown claims that he presented credible evidence of his legal innocence and that the district court violated his due process rights by preventing "C.W.," who was twelve at the time of

the events in question and had turned seventeen shortly before the hearing, from testifying in support of Brown's motion to withdraw his guilty plea. Brown asserts that the district court should have conducted a hearing to determine C.W.'s competency to testify before accepting the guardian ad litem's invocation of C.W.'s Fifth Amendment rights, especially in light of the fact that C.W. had indicated through counsel that he wished to testify and confess his involvement.[1]

However, Brown has failed to demonstrate that the district court erred by proceeding through counsel's proffer of C.W.'s admission rather than live testimony. First, while he asserts that C.W. should have been allowed to take the stand, Brown fails to identify any relevant testimony that was not presented to the district court through the proffer. See Moore, 931 F.2d at 247-48. In rejecting Brown's assertion of innocence, the district court largely relied on the fact that Brown gave a detailed admission of his involvement to the federal agents who questioned him at his home in 2003. The court found that even if C.W. was

---

[1]Brown also contends that the district court erred by requiring "proof of innocence," as he repeatedly asserts that withdrawal should be "liberally granted." However, the burden on the defendant is to demonstrate to the satisfaction of the district court that a fair and just reason supports his request to withdraw. Moore, 931 F.2d at 248. Furthermore, while Brown is not required to provide conclusive proof of innocence, a defendant's credible assertion of his legal innocence remains one of the six Moore factors that the district court must consider in determining whether to permit withdrawal of the plea. Id.

somehow involved in using Brown's computer and financial accounts to download hundreds of pornographic images, Brown had failed to put forth any explanation as to when he discovered the images on his computer or how he was subsequently able to provide such a detailed admission to the investigators.[2] On appeal, Brown has failed to demonstrate that the district court's ruling in regard to C.W.'s testimony in any way prejudiced his ability to assert his legal innocence, as the court ultimately held that even if C.W.'s account was taken into consideration, Brown still qualified as an aider and abettor or joint possessor of the pornographic images.

Furthermore, while a defendant's assertion of his legal innocence is to be evaluated by the district court, it is only one of six factors to be taken into consideration, with the most important factor being the adequacy of the Rule 11 hearing. See Lambey, 974 F.2d at 1394. Brown failed to demonstrate he did not intelligently and voluntarily enter his plea. At the Rule 11 hearing, Brown agreed with the Government's detailed recitation of the facts and admitted he obtained child pornography from the internet. Accordingly, Brown's later assertions of innocence must be considered alongside the presumption of truth granted to his

_____

[2]At the hearing, Brown was asked by the district court about how and when he discovered the pornographic images on his computer; however, Brown declined to provide any explanation, as counsel stated only that "I suspect Mr. Brown came to discover what [C.W.] was doing, and consequently, Mr. Brown was in the position of speaking meaningfully to what was on that hard drive . . . when the agents came to the home."

sworn statements made during the plea hearing.  See Blackledge, 431 U.S. at 73-74.  Given the strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate, Brown has failed to demonstrate the court erred in its determination of the remaining Moore factors.  Therefore, we find no abuse of discretion as to the district court's denial of Brown's motion to withdraw his guilty plea.

Brown also challenges the district court's enhancement of his sentencing guidelines offense level for obstruction of justice. Brown first contends that his Sixth Amendment rights were violated because the findings of fact supporting the sentence enhancement were not admitted to or proven beyond a reasonable doubt.  However, pursuant to the remedial portion of United States v. Booker, 543 U.S. 220 (2005), district courts will continue to make decisions about sentencing factors on the preponderance of the evidence, taking into account that the resulting Guidelines range is advisory only.  See United States v. Morris, 429 F.3d 65, 71 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

As to the district court's obstruction of justice determination, this court reviews findings of fact for clear error and questions of law de novo.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1

(2002),[3] a two-level enhancement for obstruction of justice may be imposed if the defendant:

> willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense.

A defendant's denial of guilt, other than a denial under oath that constitutes perjury, is not an adequate basis for application of § 3C1.1, as the defendant should not be punished for the exercise of a constitutional right. See USSG § 3C1.1, comment. (n.2). However, a defendant cannot go beyond a mere denial of his guilt and attempt to implicate another individual as responsible for the criminal conduct. See United States v. Gormley, 201 F.3d 290, 294 (4th Cir. 2000).

While Brown did not testify in support of the motion to withdraw his guilty plea, the proffer made by counsel on his behalf went beyond a mere denial of guilt, as Brown contended that the criminal acts were actually performed by a twelve-year—old boy. See Gormley, 201 F.3d at 294. Additionally, the sentencing enhancement was not predicated on a finding that Brown perjured himself; rather, the district court's determination was based on the materially false statements put forth by Brown in his attempt to implicate another individual. See USSG § 3C1.1, comment.

---

[3]The parties stipulated that the 2002 version of the Sentencing Guidelines applied.

(n.4(f)).  The district court held that Brown had directly contradicted his own sworn testimony at the Rule 11 hearing and that his attempt to declare his complete innocence at the expense of a minor was "incredible."  Based on Brown's sworn statements during the Rule 11 plea colloquy and his subsequent implication of another individual as the guilty party, we find the district court's factual findings were not clearly erroneous and adequately supported a one-level enhancement for presenting materially false information to the court.

Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED